| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Kevin Tang (SBN: 291051)<br>TANG & ASSOCIATES<br>601 S. Figueroa St., Suite 4050<br>Los Angeles, CA 90017<br>213-300-4525  Fax: 213-403-5545<br>tangkevin911@gmail.com<br><br>☐ *Debtor(s) appearing without attorney*<br>☒ *Attorney for*: Debtor | **FILED & ENTERED**<br><br>**OCT 03 2018**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bakchell  **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*LOS ANGELES* DIVISION**

| In re:<br><br>SAMUEL YOUNG OH<br><br><br><br>Debtor(s). | CASE NO.: **2:18-17609-RK**<br>CHAPTER: **11**<br><br>**ORDER ON DEBTOR'S MOTION TO CONVERT CASE UNDER**<br>**11 U.S.C. §§ 706(a) or 1112(a)**<br><br>[No Hearing Required] |
|---|---|

Pursuant to LBR 1017-1, Debtor moved to convert this chapter <u>11</u> case to a case under chapter <u>13</u>.

FINDING that this case was not previously converted from another chapter and Debtor is entitled to relief under the chapter to which conversion is sought, the court orders as follows:

1. ☐ Motion granted.  This case is converted to chapter <u>13</u> pursuant to 11 U.S.C. § 706(a).  If this case is being converted to chapter 13, Debtor must file a Chapter 13 Plan no later than 14 days after the date of the entry of this order.

2. ☐ Motion granted.  This case is converted to chapter 7 pursuant to 11 U.S.C. § 1112(a).

    a. Within 14 days of the date of this order, the debtor in possession or chapter 11 trustee, if the Debtor is not a debtor in possession, must file a schedule of unpaid debts incurred after commencement of the chapter 11 case.

    b. Within 30 days of the date of this order, the debtor in possession or chapter 11 trustee, if the Debtor is not a debtor in possession, must file and transmit to the United States trustee a final report and account.

    c. The Debtor or chapter 11 trustee, if the Debtor is not a debtor in possession, must immediately turn over to the chapter 7 trustee all records and property of the estate remaining in its custody and control.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                              Page 1                              F 1017-1.1.ORDER.DEBTOR.CONVERT

    d. Within 14 days of the date of this order, the Debtor must file the statements and schedules required by FRBP 1019(1)(A) and 1007, if such documents have not already been filed.

    e. If the Debtor is an individual, within 30 days of the date of this order or before the first date set for the meeting of creditors, whichever is earlier, Debtor must file a statement of intention with respect to retention or surrender of property securing consumer debts.

    f. Within 30 days of the date of this order, the Debtor must, if the case is converted AFTER confirmation of a plan, file:

        (1) A schedule of all property not listed in the final report and account which was acquired after commencement of the chapter 11 case but before entry of this order.

        (2) A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 11 case but before entry of this order, and

        (3) A schedule of unpaid debts not listed in the final report and account which were incurred after the commencement of the chapter 11 case but before entry of this order.

3. ☐ Motion denied without prejudice on the following grounds *(specify):*    ☐ See attached page

4. ☐ Motion denied with prejudice on the following grounds:

    a. ☐ Case previously converted under 11 U.S.C. §   ☐ 1112   ☐ 1208   ☐ 1307

    b. ☐ Debtor is not an eligible debtor under the chapter to which conversion is sought

    c. ☐ Debtor is not acting or has not acted in good faith and, therefore, is not eligible to be a debtor under chapters 11, 12 or 13

    d. ☐ Debtor is not a debtor in possession as required under 11 U.S.C. § 1112

    e. ☐ Case was originally commenced as an involuntary chapter 11 case and is not eligible for automatic conversion under 11 U.S.C. § 1112

5 ☐ This matter is set for hearing as follows:    *Date*:    *Time*:    *Courtroom*:

    Address of courtroom:

//
//
//

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 2    F 1017-1.1.ORDER.DEBTOR.CONVERT

6. ☐ Notice is required as follows (*specify*): _____    ☐ See attached page

7. ☐ Court further orders as follows (*specify*): _____    ☐ See attached page

8. ☒ The motion is DENIED WITHOUT PREJUDICE. Debtor filed a motion to convert from Chapter 11 to Chapter 13 pursuant to 11 U.S.C. § 1112(a), using the court's official form motion and proposed order and checking off the boxes on the forms that this motion is brought pursuant to 11 U.S.C. §1112(a) to convert the case from Chapter 11 to Chapter 7. Pursuant to 11 U.S.C. § 1112(a), Debtor may convert a case under chapter 11 to a case under Chapter 7. Debtor seeks to convert from a Chapter 11 case to a Chapter 13 case, which is governed by 11 U.S.C. §1112(d), and therefore 11 U.S.C. § 1112(a) does not apply. Debtor used the wrong form motion and proposed order to request conversion of this Chapter 11 case to one under Chapter 13, which gave wrong notice to creditors and interested parties. While this was perhaps just a technical mistake because Debtor did give notice of his request to convert his bankruptcy case to Chapter 13, he used the wrong forms resulting in giving notice of an incorrect statute as the basis for relief to creditors and interested parties, which is incorrect and misleading. The court considered granting relief as requested using the wrong forms and notice, but feels this would be bad precedent in enabling incorrect procedure, and this error is easily fixable by citing the correct statute and using the right forms. Moreover, counsel should read the applicable statutes and forms to make sure that they are appropriate rather than just using forms which may seem convenient to him, though incorrect and inappropriate.

###

Date: October 3, 2018

_____
Robert Kwan
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*        Page 3        F 1017-1.1.ORDER.DEBTOR.CONVERT